HINES, Director General of Railroads, v. O'BRIEN. (No. 1593.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 18, 1920. Rehearing Denied March 17, 1920.)

1. RAILROADS ⬡⟲443(6)—EVIDENCE HELD TO SHOW NEGLIGENCE IN MAINTENANCE OF FENCE.

In an action for killing cattle on tracks, evidence *held* to support finding that railroad was negligent in failing to maintain its right of way fence, and that such negligence was the cause of the entry of plaintiff's cattle on right of way.

2. TRIAL ⬡⟲132—REMARKS OF COUNSEL HELD NOT PREJUDICIAL ERROR.

Statement of plaintiff's attorney in argument to jury, that corporation employés did not tell truth when called on to testify for fear of losing their jobs, was not reversible error, where on objection the attorney qualified remarks by statement that what he meant was that jury had a right to consider railroad employés had as much interest in upholding the railroad's side of the case as plaintiff had in upholding his side of the case.

3. TRIAL ⬡⟲121(4)—COUNSEL FOR PLAINTIFF MAY COMMENT ON SELF-INTEREST OF EMPLOYÉ TESTIFYING FOR DEFENDANT CORPORATION.

In action against railroad for death of cattle on track, where railroad's employé having duty of keeping right of way fence in repair testified as to good condition thereof, plaintiff's attorney had a right to comment on fact that self-interest of employé might prompt him to shield himself from a charge of negligence or inattentiveness to duty, and to argue that such fact could be taken into consideration in determining the credit to be attached to employé's testimony.

Appeal from District Court, Sherman County; Reese Tatum, Judge.

Action by W. G. O'Brien against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

Tatum & Strong, of Dalhart, and N. H. Lassiter, of Ft. Worth, for appellant.

John H. H. Stahl, of Stratford, for appellee.

BOYCE, J. Appellee, O'Brien, recovered judgment against appellant for the value of 22 head of cattle killed on the tracks of the C., R. I. & G. Railway Company by a train operated by the appellant, Director of Railroads. The liability of the appellant was based on the finding of negligence on the part of the railway company in failing to maintain its right of way fence in such condition as to prevent the entry of stock of ordinary disposition under ordinary circumstances, and that this negligence was the cause of the entry of the cattle on the right of way prior to the time they were killed. The appellant prosecutes this appeal on assertion of two errors: That the verdict finding liability on the basis stated is contrary to the evidence, and that the appellee's attorney was permitted to make an improper and prejudicial argument to the jury.

[1] The evidence is sufficient to show that during a severe storm on the night of January 30, 1918, a large number of cattle belonging to appellee, ranging in his pasture adjoining the railway right of way, went through the right of way fence and congregated in a cut on the tracks of the railway company, where they were run into by a train and 22 head of them killed. The right of way fence was five-wire fence, and the railway company offered evidence to the effect that the fence was in proper repair and sufficient to turn stock of ordinary disposition under ordinary conditions. It was shown that on the night in question a severe norther was blowing, with snow falling, which caused the cattle to drift before it in search of shelter, and it is the theory of appellant that this condition of the weather caused the cattle to break through the fence through no negligence on its part. The appellant also introduced evidence to the effect that other cattle in other parts of the country had during this storm drifted through several pasture fences other than railway right of way fences before being stopped. The appellee testified that sand and dirt had been blown against the fence in places as high as the third wire, and in other places the dirt had blown out from around the posts, so that the fence was in such condition at places as that cattle could walk over it. The defendant offered evidence that it had, just a short time before the cattle were killed, repaired the fence. But an employé of the plaintiff testified that the next day after the cattle were killed he examined the fence and found what he described as a "hole" in it, through which the cattle could have entered. He further testified that he saw the section men repairing the fence a few days before this time; that this "hole" was the result of the fence having been repaired from one direction only up to this point, the slack being taken out of the wires up to this point where the work had ceased and left in the incompleted work ahead. The plaintiff also offered evidence to show that other cattle in the neighborhood had been held by a three-wire pasture fence in good condition. We conclude that there was sufficient evidence to support the finding of the jury.

The other assignment complains of the misconduct of appellee's attorney in his closing argument of the case before the jury. It appears from the bill of exceptions that the said attorney, in discussing the testimony of the section foreman who had testified that it was his duty to keep the right of way fence in repair, and that the fence was a good fence and in good repair when the cattle entered the right of way through it, made this statement:

"It is a well-known fact that employés who work for corporations and are employed by corporations will not tell the truth when they are called upon to testify as a witness in a case against the corporation, for if they did they would lose their job, and they have to testify that it was not due to their acts of negligence that caused the damage."

Upon objection being made to this character of argument the said attorney made this statement:

"Gentlemen of the jury, what I mean to say by this is that you have a right to consider the railroad employés as having as much interest or bias or prejudice to uphold the side of the railroad as the plaintiff has an interest or bias or prejudice to uphold his side of the case, and this is true notwithstanding the railroad witnesses are in no sense parties to this suit."

[2, 3] The court refused to withdraw this argument from the consideration of the jury and refused to instruct the jury not to consider it. We do not think any reversible error is shown by this assignment. The attorney had the right to comment on the fact that the self-interest of the witness might prompt him to shield himself from a charge of negligence or inattentiveness to the duties of his position, and to argue that such fact could be taken into consideration in determining the credit to be attached to the evidence given by such witness. The first statement made by the attorney is an exaggeration, but in view of the calmer statement of the attorney's meaning, made when appellant objected to the argument, we do not think it likely that the jury were led to give any improper weight to the argument by exaggeration of a matter that they really had the right to consider in weighing the testimony of the witness. The question is

very similar to that presented in the case of I. & G. N. Ry. Co. v. Rhoades, 21 Tex. Civ. App. 459, 51 S. W. 517, 52 S. W. 979.

The judgment will be affirmed.